UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODGERICK BOOTH, #188768,

          Plaintiff,

                                    Case No. 05-CV-71675

vs.                                HON. GEORGE CARAM STEEH

KATHERINE CORRIGAN,

          Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION (#20) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#13), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#11), AND DISMISSING PLAINTIFF'S CLAIMS

Plaintiff Rodgerick Booth, a Michigan prisoner appearing pro se, filed equal protection, First Amendment retaliation, and due process claims under 42 U.S.C. § 1983 against defendant Thumb Correctional Facility Assistant Deputy Warden Katherine Corrigan on April 28, 2005. The matter was referred to Magistrate Judge Steven Pepe who issued a 13-page Report and Recommendation on February 24, 2006 recommending that defendant's motion for summary judgment be granted, plaintiff's motion for summary judgment be denied, and plaintiff's claims be dismissed. Plaintiff filed timely objections on March 3, 2006.

Plaintiff's claims arise from the undisputed facts that plaintiff was under "administrative segregation" at the St. Louis Correctional Facility ("SLCF") before being transferred to the Thumb Correctional Facility ("TCF") on June 11, 2004. On arriving at TCF, plaintiff was mistakenly placed under a lesser "temporary segregation" status until the mistake was discovered on June 16, 2004 and plaintiff was returned to administrative

segregation status by defendant Corrigan. Plaintiff alleges he filed a grievance for his return to administrative segregation status, which was denied. Plaintiff alleges that he was denied his constitutional rights to equal protection and due process of law when he was returned to administrative segregation without a prior hearing, and that his return to administrative segregation was in retaliation for filing the grievance.

The Report and Recommendation recommends that defendant's motion for summary judgment be granted on findings that: (1) plaintiff has failed to identify class-based discrimination necessary to sustain an equal protection claim in that state prisoners are not members of a protected class for equal protection purposes; (2) plaintiff has failed to allege an "adverse action" taken by defendant Corrigan, necessary to support a retaliation claim, in that defendant merely maintained plaintiff's existing administrative segregation status, and did not change plaintiff's security status, a status that may only be changed by a Security Classification Committee ("SCC") comprised of two staff members; (3) plaintiff has not alleged a liberty interest protected by the due process clause in the absence of proof of a restraint which imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Rimmer-Bey v. Brown, 62 F.3d 789, 790-791 (6th Cir. 1995); (4) plaintiff was not denied due process before being placed into administrative segregation status in that a hearing was available to plaintiff at SLFC under MDOC Policy Directive 04.05.120(I-Q); (5) plaintiff's due process claim is inconsistent with Supreme Court precedent affording deference and flexibility to state prison officials in managing the ordinary incidents of prison life, Sandin v. Conner, 515 U.S. 472, 483 (1995); (6) defendant is entitled to qualified immunity in that plaintiff enjoyed no clearly established federal right to renewed notice and hearing upon his transfer to TCF.

"A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28

2

U.S.C. § 636 (b)(1)(C).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  Id.

Plaintiff cites Teller v. Fields, 280 F.3d 69 (2d. Cir. 2000) as supporting his objection that he was denied due process of law.  The objection is without merit in that Teller involved a New York inmate that was confined to administrative detention for 514 days without a prior hearing, an atypical and significant hardship in violation of prison regulations requiring a hearing which no objective prison official could  reasonably believe was not a violation of the inmate's constitutional right to due process.  Teller is palpably distinguishable on its facts.  Plaintiff's citation to various New York State Correctional laws to further support his objection is misplaced.  Plaintiff's argument that there is no rule requiring a transferred prisoner to retain his security status on transfer to another prison facility fails to articulate a legal basis for concluding that a prisoner enjoys a constitutionally protected right to a change in security status upon transfer.  Plaintiff's argument that defendant was a member of the SCC does not demonstrate that plaintiff's return to his true administrative segregation status was required to be, or was, authorized by, the two member SCC.   Plaintiff's objections are devoid of merit.  Accordingly,

The court hereby accepts the February 24, 2006 Report and Recommendation as it own. Defendant's motion for summary judgment is hereby GRANTED.  Plaintiff's motion for summary judgment is hereby DENIED.  Plaintiff's claims are hereby DISMISSED with prejudice in their entirety.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  March 8, 2006

3

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 8, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk